IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE,

    Plaintiff,

v.                                                                              CV

CONNOR & SONS CLASSY CONSTRUCTION, LLC,
BLAINE WILES AND AMANDA WILES, INDIVIDUALLY AND
AS PARENT AND NEXT FRIEND OF THEIR MINOR CHILDREN,

    Defendants.

**COMPLAINT FOR DECLARATORY JUDGMENT RELIEF**

Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, Plaintiff, International Insurance Company of Hannover SE (hereinafter "IICH") by and through its undersigned counsel, Allen Law Firm, LLC, and for its Complaint for Declaratory Judgment Relief against Defendants, Connor & Sons, LLC ("Connors & Sons"), Blaine Wiles ("B. Wiles") and Amanda Wiles ("A. Wiles"), Individually and on behalf of their Minor Children, (collectively "Wiles") hereby alleges as follows:

**<u>PARTIES, JURISDICTION AND VENUE</u>**

1. Plaintiff IICH is a foreign insurer and maintains its principal place of business in Hannover, Germany.

2. Upon information and belief, at all times relevant to the allegations set forth herein, Defendant Connor & Sons, LLC was a limited liability company incorporated in the State of New Mexico.

3. Upon information and belief, at all times relevant to the allegations set forth herein, Defendant Blaine Wiles was a resident of Sandoval County, New Mexico.

4.	Upon information and belief, at all times relevant to the allegations set forth herein, Defendant Amanda Wiles was a resident of Sandoval County, New Mexico.

5.	Upon information and belief, Defendants B. Wiles and A. Wiles are parents to B.W., As. W., H.W., J.W., and Al. W (collectively "minor children") who were also residents of Sandoval County, New Mexico.

6.	Upon information and belief, at all times relevant to this Complaint, Mr. and Mrs. Wiles and all their minor children lived at 2633 Globe Court, Rio Rancho, NM 87124 ("subject home").

7.	At all times relevant to this Complaint, Defendant Connors & Sons commenced work as a General Contractor for the subject home, a custom home, built by Defendants Blaine and Amanda Wiles in Sandoval County.

8.	Upon information and belief, at all times relevant to this Complaint, Miller's Insulation & Fireproofing, Inc. ("Miller's Insulation") installed a spray polyurethane foam installation ("SPF") to the roof sheathing and other areas of the Wiles' home during construction.

9.	Upon information and belief, the SPF at issue (LD-C-50) was manufactured by Icynene Corporation.

10.	Upon information and belief, Defendant Connors & Sons retained Miller's Insulation as an independent contractor or as a subcontractor to install the SPF to the subject home.

11.	Upon information and belief, and as more fully alleged herein, the alleged faulty installation caused the Wiles' family to sustain personal injuries and damages.

12.	This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

13. There exists diversity of citizenship between and among the parties, and upon information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs.

14. Declaratory relief is authorized and appropriate in this action pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

15. An actual controversy exists between the parties regarding IICH's duty to defend and/or indemnify Defendant Connor & Sons pursuant to a policy of insurance issued by IICH to Defendant Connors & Sons as more fully identified herein. The controversy is justiciable in character, and the relief requested herein is necessary to declare the parties' contractual rights, duties, and obligations under the IICH Policy and applicable law.

16. Venue is proper pursuant to 28 U.S.C. 1391(a)(2) because a substantial part of the events giving rise to this controversy occurred in the State of New Mexico.

## GENERAL ALLEGATIONS

**A.     Insurance Policy**

17. IICH issued a commercial general liability (CGL) policy of insurance to Defendant Connors & Sons bearing policy number IG06C000876-00 for the policy period of May 1, 2013 - May 1, 2014 ("Policy"). Selected portions of a true and correct copy of the Policy is attached hereto as **Exhibit A**.

18. The policy limits are $1,000,000 per occurrence with a general aggregate limit of $2,000,000. *Id.*

19. The Policy afforded, *inter alia*, liability coverage to Defendant, Connors & Sons, subject to certain terms, conditions, limitations and exclusions as identified herein.

20. The Policy provided, in pertinent part:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
**COVERAGES A AND B PROVIDE**
**CLAIMS-MADE COVERAGE**
**PLEASE READ THE FORM CAREFULLY**

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the "insured" against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

   **b.** This insurance applies to "bodily injury" and "property damage" only if:

   **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

   **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II –** Who is an Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage"

during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who is an Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** Of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer:
**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

*See* page 1 of 16, CG 00 01 12 07.

**2. Exclusions**

This insurance does not apply to:

**f. Pollution**[1]

**(1)** "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time:

---

[1] Exclusion **f.** under Paragraph **2.**, **Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the Total Pollution Exclusion with a Hostile Fire Exception Endorsement, CG 21 55 09 99

>**(a)** At or any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste; or
>**(b)** At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize or in any way respond to, or assess, the effects of, "pollutants".

>**(2)** Any loss, cost or expense arising out of any:

>>**(a)** Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants";

**j. Damage to Property**

"Property Damage" to:

**(1)** Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property.

**(6)** That particular part of any property that must be restored, repaired, or replaced because "your work" was incorrectly performed on it.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

**k. Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

6

### l. Damage to Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

### m. Damage to Impaired Property or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:
**1)**  A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
**2)**  A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of the sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

### n. Recall of Products, Work or Impaired Property

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:
**1)**  "Your product";
**2)**  "Your work";
**3)**  "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

*See* Policy, pages 3-5.

**SECTION II – WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:

**c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

*Id.*, page 9 of 16.

**SECTION V - DEFINITIONS**

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these at any time.

**8.** "Impaired Property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:
**a.** It incorporates "your product" or "your work," that is known or thought to be defective, deficient, inadequate or dangerous; or

**b.** You have failed to fulfill the terms of a contract or agreement;
if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**15.** "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

**17.** "Property damage" means:
    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically inured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**22.** "Your work":
    **a.** Means:
        **(1)** Work or operations performed by your or on your behalf; and
        **(2)** Materials, parts or equipment furnished in connection with such work or operations.
    **b.** Includes:
        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability performance or use of "your work"; and
        **(2)** The providing of or failure to provide warnings or instructions.

*See* policy, pages 13-16.

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## CONTRACTORS SPECIAL CONDITIONS

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following is added to **SECTION IV – COMMERCIAL GENERAL LIABILTIY CONDITIONS:**

Contractors

As a condition precedent to coverage for any claim for injury or damage based, in whole or in part, upon work performed by independent contractors, the insured must have, prior to the start of work and the date of the "occurrence" giving rise to the claim or "suit:"

1) received a written indemnity agreement from the independent contractor holding the insured harmless for all liabilities, including costs of defense, arising from the work of the independent contractor;

2) obtained certificates of insurance from the independent contractor indicating that the insured is named as an additional insured and that coverage is maintained with minimum limits of $1,000,000 per occurrence;

9

3) obtained proof that the independent contractor has workers compensation insurance if required by the state in which the job(s) is located; and

4) obtained proof that all licenses as required by local and/or state statute, regulation or ordinance are up to date.

The insured must maintain the records evidencing compliance with paragraphs (1) through (4) for a minimum of five years from the expiration date of this policy.  If these records are not maintained we shall have no obligation to defend or indemnify any insured for work performed by independent contractors on your behalf.

The insurance provided by this policy shall be excess over and above any other valid and collectible insurance available to the insured under paragraph **(2)**.

*See* Contractors Special Conditions Endorsement, IICHLL 40 07 02 12.

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY

**CONTRACTORS ENVIRONMENTAL EXCLUSIONS/LIMITATIONS**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

The following is added to **SECTION I – COVERAGES,** paragraph **2. EXCLUSIONS of COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY.**
This insurance does not apply to:

**Formaldehyde**

**(1)** "Bodily injury" or "property damage" … arising out of the actual, alleged or threatened exposure at any time to formaldehyde, whether the formaldehyde is in pure form or is or was combined with any other chemical product or material, and whether the existence of or exposure to formaldehyde has caused, or contributed to cause, damage in ant sequence or combination.
**(2)** Any damages, loss, cost or expense that may be awarded or incurred by reason of a claim or "suit" for any such injury or damage.  This includes any injury or damage caused or alleged to have been caused by the removal eradication detoxification, remediation or decontamination of formaldehyde or property containing formaldehyde and includes any liability, cost or expense to remediate or prevent "bodily injury", "property damage" … from formaldehyde.

This exclusion shall apply without regard to the allegations or basis of the insured's liability.  Notwithstanding the provisions of this policy regarding the obligation to defend you, where a "suit" is based in whole or in part upon "bodily injury" or "property damage"… liability for

which coverage is excluded by this endorsement; we shall have the right, but not the obligation, to defend said "suit". If we exercise the right to defend said "suit" we shall have the obligation to pay for the defense, but if we do not exercise the right to defend, we shall have no obligation to pay for the defense.

*See* Contractors Environmental Exclusions/Limitations Endorsement, IICHLL 40 71 02 12

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY

**PRODUCTS OR WORK EXCLUSION**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART PRODUCTS-COMPLETED OPERATIONS LIABILITY COVERAGE PART COMMERCIAL LIABILITY UMBRELLA COVERAGE PART**

**This insurance does not apply to "your products" or "your work" completed prior to the policy period.  Specifically, this insurance does not apply to:**

"Bodily injury", "property damage"… or "medical payments" included in the "products-completed operations hazard" and arising out of, or alleged to arise out of, any of "your products" manufactured, assembled, sold, handled or distributed by or on behalf of you prior to the date shown in the Schedule or "your work" performed by or on behalf of you prior the date shown in the Schedule.

We will not defend any claim or suit, or pay any damages, loss, expense, cost, or obligation caused directly or indirectly by, arising out of, or alleged to arise out of, resulting from, contributed to, contributed by or related in any way to "your products" manufactured, assembled, sold, handed or distributed by or on behalf of you prior to the date4 shown in the Schedule or "your work" performed by or on behalf of you prior the date shown in the Schedule.

*See* Products or work Exclusion Endorsement, IICHLL 40 22 02 12

\*\*\*

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

**EXCLUSION – EXTERIOR INSULATION AND FINISH SYSTEMS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** This insurance does not apply to "bodily injury", "property damage" … arising out of, caused by, or attributable to, whether in whole or in part, the following:

  **1.** The design, manufacture, construction, fabrication, preparation, distribution and sale, installation, application, maintenance or repair, including remodeling, service, correction or replacement of any "exterior insulation" and "finish system" or any part thereof, or any substantially similar system or any part thereof, including the application or use of conditioners, primers, accessories, flashings, coatings, caulking or sealants in connection with such a system; or

  **2.** "Your product" or "your work" with respect to any exterior component, fixture, or feature of any structure if an "exterior insulation and finish system", or any substantially similar system, is used on the part of that structure containing that component, fixture or feature.

**B.** The following definition is added to the **Definitions** Section:
"Exterior insulation and finish system" means a non-load bearing exterior cladding or finish system, and all component parts therein, used on any part of any structure, and consisting of:

  **1.** A rigid or semi-rigid insulation board made of expanded polystyrene and other materials;
  **2.** The adhesive and/or mechanical fasteners used to attach the insulation board to the substrate;
  **3.** A reinforced or unreinforced base coat;
  **4.** A finish coat providing surface texture to which color may be added; and
  **5.** Any flashing, caulking or sealant used with the system for any purpose.

*See* Exterior Insulation and Finish Systems Exclusion Endorsement, CG 21 86 12 04

***

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY

**EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGE**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

The following is added to **SECTION I – COVERAGES**, paragraph **2. Exclusions** of **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and paragraph **2. Exclusions** of **COVERAGE B. PERSONAL AND ADVERTISING LIABILITY**.

This insurance does not apply to:

**Punitive or Exemplary Damage**

Any sums that the insured becomes legally obligated to pay for punitive, exemplary or multiple damages.

*See* Punitive or Exemplary Damage Exclusion, IICHL 40 33 02 12

***

*See* Exhibit A.

**B.     The Incident and State Court Lawsuit**

  21. Upon information and belief, on or about August 8, 2013, Defendant Connors & Sons commenced work as a General Contractor for a custom home built by Defendants Blaine and Amanda Wiles in Sandoval County.

  22. Upon information and belief, on or about November 5, 2013, Miller's Insulation installed a SPF to the roof sheathing and other areas of the Wiles' home during construction.

  23. The Wiles family moved into the subject home on or about January 16, 2014.

  24. Sometime in May 2014, the family noticed noxious and harmful fumes, gases and odors filling their home.

  25. The Wiles family were forced to vacate their home on May 8, 2014.

26.     On November 3, 2016, Mr. and Mrs. Wiles, individually and on behalf of their minor children, filed a State Court lawsuit seeking damages against Connor & Sons and other defendants arising out of alleged negligent construction of their home.  They alleged that Connor & Sons, serving as a General Contractor, negligently constructed their home located at 2633 Globe Ct., Rio Rancho, New Mexico 87124.  A true and correct copy of the Complaint filed by the Wiles Defendants in State Court ("State Court Complaint") is attached hereto as **Exhibit B.**

27.     In their State Court Complaint, Wiles further alleged that:

(A)     Defendant Connor & Sons arranged for the installation of SPF.

(B)     None of the Defendants warned Wiles that the SPF product was known, under certain circumstances, to cause long and short term health complications, such as chemical sensitization, gastrointestinal irritation, skin irritation, respiratory sensitization and permanent lung damage.

(C)     The SPF was not properly adhered to the roof sheathing, which left a gap between the SPF and the sheathing.

(D)     Noxious fumes gases and odors emanating from the SPF caused the Wiles family various health problems.

(E)     Wiles claimed that they discovered the source of the odor when they had the first Indoor Air Quality Test done which showed high Volatile Organic Compounds ("VOC").

(F)     Wiles family had samples of the SPF analyzed which showed that the SPF was off-gassing harmful chemicals.

(G)     Wiles were forced to vacate their home on May 28, 2014, and returned to their home in June 2015, after they had the SPF removed.

*See id*.

28.     Wiles presented five counts against Defendant Connor & Sons including Negligence Against All Defendants (Products Liability, Count I), Strict Products Liability Against All Defendants (Count II), Breach of Express and Implied Warranties Against All

Defendants (Count III), Failure to Warn Against All Defendants (Count IV) and Violation of New Mexico Unfair Practices Act Against All Defendants (Count V).  *See id.*

29.     Wiles seek compensatory damages, punitive damages, treble damages, pre- and post-judgment interest, costs and attorney's fees for the Unfair Practices Act violations.  *Id.*

30.     Upon information and belief, Miller Insulation who installed the SPF product was retained by Connor & Sons.  Since there were no contractual agreements in force between Connor & Sons and Miller Insulation, and specifically, because Connors & Sons failed to procure a written indemnity agreement with Miller Insulation as required under the Policy as a condition precedent to coverage for any claim for injury or damage based, in whole or in part, upon work performed by an independent contractor, coverage is barred under the Contractors Special Conditions Endorsement, IICHLL 40 07 02 12.  *See* Exhibit A.

31.     Upon information and belief, the improper or faulty installation of the SPF product triggered elevated levels of total VOCs and aldehydes which was caused by poor or negligent workmanship.  There is no coverage under the Policy for such claims under Exclusions **f. Pollution; j. Damage To Property**; **k. Damage To Your Product**; **l. Damage To Your Work**; **m. Damage To Impaired Property Or Property Not Physically Injured** and **n. Recall of Products, Work or Impaired Property** under the CGL policy.  *See* Exhibit A.

32.     Upon information and belief, the SPF product was applied to the inside surface of the OSB roof decking and a large amount of the VOCs in the attic and infiltrating in the house were off-gassed from the OSB roof decking.  This improper installation triggers the Exterior Insulation and Finish Systems Exclusion Endorsement thus barring coverage for either a defense or indemnification under the Policy.  *See* Exhibit A, CG 21 86 12 04.

33. The Contractors Environmental Exclusion/Limitation precludes coverage for "bodily injury" or "property damage" arising out of actual, alleged or threatened exposure at any time to formaldehyde. *See* Exhibit A, IICHLL 40 71 02 12.

34. The Total Pollution Exclusion excludes coverage for "bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time. *See* Exhibit A, CG 21 55 09 99.

35. Furthermore, the Punitive or Exemplary Damage Exclusion is triggered and there is no coverage under the Policy for any claims for punitive or exemplary damages. *See id.*

36. Finally, there is no coverage for claims under any of the Counts asserted by the Wiles in their State Court Complaint. *See* Policy.

37. The Policy limits are $1,000,000 per occurrence with a general aggregate limit of $2,000,000. *Id.* The Wiles Defendants, individually and on behalf of their minor children, have alleged property damages and significant bodily injuries and damages. In addition, Wiles Defendants have alleged punitive and other damages. *See* Complaint. Upon information and belief, the amount in controversy exceeds $75,000.

38. IICH is defending Defendant Connor & Sons under a full reservation of rights.

39. Pursuant to 28 U.S.C. 2201, *et seq.* and Fed. R. Civ. P. 57, IICH requests a declaration from this Court adjudicating the rights and obligations of the parties under the Policy including, but not limited to, a declaration that IICH has no duty to defend or indemnify Defendant Connor & Sons for the claims presented by Wiles under the Policy as a result of the Incident.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

40. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 39 of the Complaint as if fully set forth at length herein.

41. The rights, status, obligations and other legal relations of IICH and Defendant Connor & Sons are in dispute, and are affected by the terms and conditions of the Policy. Specifically, a controversy has arisen as to whether Defendant is entitled to a defense and indemnification under the IICH Policy.

42. It is undisputed that on the date of the Incident, Defendant Connor & Sons had no written indemnity Agreement with Miller Insulation triggering the Contractors Special Conditions Endorsement.

43. It is undisputed that Exclusions **f. Pollution; j. Damage To Property**; **k. Damage To Your Product**; **l. Damage To Your Work**; **m. Damage To Impaired Property Or Property Not Physically Injured** and **n. Recall of Products, Work or Impaired Property** are triggered by negligent or faulty workmanship.

44. It is undisputed that improper installation triggers the Exterior Insulation and Finish Systems Exclusion Endorsement thus barring coverage for either a defense or indemnification under the Policy.  *See* Exhibit A, CG 21 86 12 04.

45. It is undisputed that the Contractors Environmental Exclusion/Limitation precludes coverage for "bodily injury" or "property damage" arising out of actual, alleged or threatened exposure at any time to formaldehyde.  *See* Exhibit A, IICHLL 40 71 02 12.

46. It is undisputed that the Total Pollution Exclusion excludes coverage for "bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal,

seepage, migration, release or escape of "pollutants" at any time. *See* Exhibit A, CG 21 55 09 99.

47. It is undisputed that Punitive or Exemplary Damage Exclusion is triggered and there is no coverage under the Policy for any claims for punitive or exemplary damages. *See id.*

48. IICH contends that coverage is precluded under the Policy for defense and indemnification because: 1) there was no written indemnity agreement between Connors & Sons and Miller Insulation, 2) the installation of the SPF was because of Connors & Sons's and/or their subcontractors' or independent contractors' negligent workmanship and/or faulty workmanship, 3) the installation of the insulation and finish system was improper, 4) "bodily injury" or "property damage" arising out of actual, alleged or threatened exposure at any time to formaldehyde is excluded, 5)"bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time is excluded and finally, 6) the punitive damages are not covered. Thus, IICH contends that there is no coverage for any of the claims asserted by Defendant Connors & Sons under the Policy.

49. Pursuant to 28 U.S.C. 2201, *et seq*. and Fed. R. Civ. P. 57, Plaintiff, International Insurance Company of Hannover, SE, is entitled to a declaratory judgment from this Court as follows:

    A.    Judgment be entered declaring the rights and obligations of each of the parties with regard to the disputes herein,

    B.    That it enter judgment that there is no coverage under the Policy for the claims asserted by Defendants, Blaine Wiles and Amanda Wiles, Individually, and as Parents of B.W., As. W., H.W., J.W., and Al. W,

    C.    That it enter judgment declaring that there is no duty to defend Defendant Connor & Sons, its agents, owners, associates, additional insureds and employees, and

D. That it enter judgment declaring that there is no duty to indemnify Defendant Connor & Sons, its agents, owners, associates, additional insureds and employees.

50. WHEREFORE, Plaintiff, International Insurance Company of Hannover, SE, respectfully requests that the Court enter a judgment against Defendants declaring:

(1) The rights and obligations of each of the parties with regard to the disputes herein,

(2) Judgment that there is no coverage under the Policy for the claims asserted by Defendants, Blaine Wiles and Amanda Wiles, Individually, and as Parents of B.W., As. W., H.W., J.W., and Al. W,,

(3) Judgment declaring that there is no duty to defend Defendant Connor & Sons, its agents, owners, associates, additional insureds and employees,

(4) Judgment declaring that there is no duty to indemnify Defendant Connor & Sons, its agents, owners, associates, additional insureds and employees,

(5) Costs and Attorney's fees, and

(6) For such other and further relief as this Court deems just and proper under the circumstances.

Respectfully Submitted,

**ALLEN LAW FIRM, LLC**

/s/ Meena H. Allen
MEENA H. ALLEN
6121 Indian School Road, NE, Suite 230
Albuquerque, New Mexico 87110
(505) 298-9400
*Attorneys for Plaintiff*