UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

INTERNATIONAL INSURANCE
COMPANY OF HANNOVER SE,

        Plaintiff,

v.                                                                      CIV 17-0825 RB/JHR

CONNORS & SONS CLASSY
CONSTRUCTION, LLC, et al.,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss or, in the Alternative, to Stay Proceedings, filed on September 22, 2017 (the "Motion"). (Doc. 9). The Court has considered the Motion and attached exhibits, Plaintiff International Insurance Company of Hannover SE's Response Opposing Defendant Connors & Son's Motion to Dismiss or, in the Alternative, to Stay Proceedings, filed on October 6, 2017 (Doc. 14), and Defendant's Reply in Support of Motion to Dismiss or, in the Alternative, to Stay Proceedings, filed on October 30, 2017. (Doc. 18). Having thoroughly considered the parties' submissions and the relevant law, the undersigned recommends that the Court find that the Motion is not well taken and should be denied.

### BACKGROUND

According to the Complaint, Plaintiff issued a commercial general liability policy (CGL) to insure Defendant Connors & Sons Classy Construction, LLC ("Connors & Sons"), between May 1, 2013 – May 1, 2014. (Doc. 1 at ¶ 17).

Defendant Connors & Sons began general contracting work for a custom home built by Defendants Blaine and Amanda Wiles in August 2013. (Doc. 1 at ¶ 21). Connors & Sons contracted Miller's Insulation & Fireproofing, Inc. to install Icynene SPF, per the Wiles' request. (Doc. 9-1 at 2). After the Icynene SPF was installed and the Wiles moved into the house, they complained that the Icynene SPF was causing noxious and harmful fumes, gases, and odors to fill the house. (Doc. 1-2 at 4-5). The Wiles then submitted a demand letter to Connors & Sons, and IICH retained counsel to represent Connors & Sons as their insured. (Doc. 9 at 5). On November 3, 2016, Blaine and Amanda Wiles filed a complaint against Icynene Corporation, Miller's Insulation & Fireproofing, and Connors & Sons in state court in the Thirteenth Judicial District of New Mexico. (Doc. 1-2). IICH was not added as a defendant in the state court case, and has not sought to intervene in that action.

On August 11, 2017, IICH filed the instant Complaint for Declaratory Judgment Relief, in which it seeks a declaration from the Court pursuant to the Declaratory Judgment Act, that the allegations in the Wiles' state court complaint are not covered by Connors & Sons' insurance policy with IICH. (Doc. 1 at 18-19). On September 21, 2017, Defendants Blaine and Amanda Wiles filed their Answer to the Complaint. (Doc. 8).

On September 22, 2017, Defendant Connors & Sons filed the subject Motion to Dismiss, or in the Alternative, to Stay Proceedings. (Doc. 9). Connors & Sons argues that this Court should either dismiss, or abstain from hearing, this case because unresolved factual issues regarding an insurer's duty to defend and indemnify in the primary state court case overlap with the factual issues that will necessarily be at issue in this case. (*Id.* at 2). IICH responds that federal courts are allowed to make factual determinations in declaratory actions, and Defendant "fails to identify overlapping factual issues that would preclude this Court retaining declaratory

judgment jurisdiction." (Doc. 14 at 2). Connors & Sons, in its Reply, states that the "overlapping nature of the factual issues is manifest," the Declaratory Judgment Act is discretionary, and the state court case is the more appropriate forum to address the issues of IICH's duties to defend and indemnify. (Doc. 18 at 2, 3-8).

## LEGAL STANDARD

Plaintiff's Complaint is governed by the Declaratory Judgment Act under 28 U.S.C. § 2201, which states:

> In a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

Fed. R. Civ. P. 57 also provides that the Federal Rules of Civil Procedure govern declaratory judgments under 28 U.S.C. § 2201, and states that "the existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."

The decision to exercise jurisdiction over a declaratory judgment action is discretionary. "While this statute vests the federal courts with power and competence to issue a declaration of rights, the question of whether this power should be exercised in a particular case is vested in the sound discretion of the district courts." *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995) (citing *Public Affairs Assocs., Inc. v. Rickover,* 369 U.S. 111, 112 (1962) (per curiam)).

## ANALYSIS

**I.    The Court has Subject Matter Jurisdiction to Hear Plaintiff's Declaratory Judgment Action**

Defendant Connors & Sons emphasizes the discretionary nature of the federal court's jurisdiction over declaratory judgments. (Doc. 9 at 4; Doc. 18 at 2) (citing *Brillhart v. Excess Ins.*

3

*Co. of America*, 316 U.S. 491 (1942)). In *Brillhart*, after setting forth the discretionary standard under the Federal Declaratory Judgment Act, the Supreme Court also noted that, "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." 316 U.S. at 495. The Supreme Court did not preclude jurisdiction over such cases, but advised that federal courts should "ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Id.* In analyzing this question, Courts should inquire "into the scope of the pending state court proceeding and the nature of defenses open there," considering "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." *Id.*

In the Tenth Circuit, a five-factor test is used to determine whether a court should exercise discretionary jurisdiction over a declaratory judgment action. The factors are:

(1) Whether a declaratory action would settle the controversy;
(2) Whether it would serve a useful purpose in clarifying the legal relations at issue;
(3) Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*";
(4) Whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
(5) Whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (quoting *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987); *see also St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995).

In *Mhoon*, there were three related cases involving a shooting incident between neighbors: (1) a state criminal case against the shooter; (2) a state civil case by the person who

was shot and his wife, which included the shooter's homeowner's insurance company, State Farm Fire & Casualty Company; and (3) State Farm's declaratory judgment action in federal court, seeking a declaration from the court that it had no duty to defend or pay an adverse judgment under the terms of its policy, which excluded personal injuries caused by intentional actions. *Mhoon*, 31 F.3d at 981-82. On a motion to dismiss, Mhoon argued that the district court had abused its discretion in exercising jurisdiction because the state court proceeding had not yet ruled on the factual issue of whether the shooting was intentional, and that factual determination would be more appropriately heard in the state civil court proceeding. *Id.* at 983. However, the Tenth Circuit held that the district court did not abuse its discretion in hearing the declaratory action, because a live need to determine State Farm's rights and duties existed and State Farm was not, and could not have been made, a party to the state court action. *Id.* at 983-84. The Tenth Circuit noted that "there is a substantial interest in deciding these issues without undue delay, particularly the question of the duty to defend," and as such, the federal district court being an available forum for such an action, the declaratory judgment action was proper. *Id.* at 984.

Moreover, the Court determined that the issue of whether State Farm had a duty to defend "involved only an examination of the state court complaint to see if its allegations of fact triggered the duty," and "[d]etermining that duty involved no matter, factual or legal, at issue in the state case." *Id.* Using New Mexico insurance case law, the Tenth Circuit determined that the duty to defend "is determined not by the actual underlying facts of the transaction, as the coverage issue is, but by the allegations of the injured party's complaint." *Id.* at 985. If the complaint's allegations fall outside the scope of coverage under the insurance policy, the insurer does not have a duty to defend. *Id.*

Plaintiff here requests the Court to make a declaration of:

5

> (1) The rights and obligations of each of the parties with regard to the disputes herein,
> (2) Judgment that there is no coverage under the Policy for the claims asserted by Defendants, Blaine Wiles, and Amanda Wiles, Individually, and as Parents of B.W., As. W., H.W., J.W., and Al.W.,
> (3) Judgment declaring that there is no duty to defend Defendant Connors & Sons, its agents, owners, associates, additional insureds, and employees, and
> (4) Judgment declaring that there is no duty to indemnify Defendant Connors & Sons, its agents, owners, associates, additional insureds and employees."

(Doc. 1 at 19). In short, Plaintiff is seeking a declaration from the court that there is no insurance coverage based on the Wiles' allegations in the state court complaint, and therefore IICH has no duty to defend or indemnify Defendant Connors & Sons in that lawsuit.

Connors & Sons, however, asserts that the district court will necessarily have to make the following factual determinations in order to afford Plaintiff the relief it seeks:

(1) the Icynene SPF product was improperly installed;
(2) Connors was negligent with respect to the installation of the Icynene SPF product (allegedly triggering the exclusions set forth in paragraph 31 of IICH's Complaint);
(3) the improper installation of the Icynene SPF product triggered elevated levels of total VOCs and aldehydes (allegedly triggering the total pollution exclusion);
(4) the Icynene SPF product was installed in such a manner as to trigger the Exterior Insulation and Finish Systems Exclusion;
(5) the bodily injuries and property damage asserted by the Wiles were due to formaldehyde (allegedly triggering the formaldehyde exclusion);
(6) the bodily injuries and property damage asserted by the Wiles were due to "pollutants" (allegedly triggering the pollution exclusion);
(7) the Icynene SPF product was itself defective and inherently subject to off-gassing issues; []
(8) Miller's failed to provide Connors with a written indemnity agreement; and
(9) whether Miller's faulty workmanship caused or contributed to the Wiles' claims (to determine whether the Contractors Special Conditions exclusion was triggered).

Connors & Sons asserts that because these facts are necessary for both the state court and federal court actions to determine, the federal court should not exercise its discretionary jurisdiction to hear this declaratory action in order for the matter to be heard in the primary lawsuit in state court. (Doc. 9 at 11).

However, like the appellant in *Mhoon*, Connors & Sons' iteration of the factual matters that the federal court must answer delves too far into the question of IICH's duty to insure instead of the initial, crucial question of the insurer's duty to defend. *Mhoon*, 31 F.3d at 985 (stating that New Mexico substantive law provides that "an insurer's duty to defend is independent of its duty to insure") (citing *Foundation Reserve Ins. Co. v. Mullenix*, 97 N.M. 618, 642 P.2d 604). As in *Mhoon*, the only factual matter to be determined by the federal court in this type of case is whether the allegations in the underlying lawsuit fall within the exceptions to coverage under the insurance policy. *Id.*

Therefore, in order to make a recommendation as to whether the Court should exercise its discretionary jurisdiction over this action brought under the Federal Declaratory Judgment Act, the undersigned has reviewed the state court complaint in conjunction with the insurance policy between IICH and Connors & Sons. In so doing, the undersigned has considered, from the face of the state court complaint, whether the allegations therein implicate any coverage or exceptions provisions from the IICH Insurance Policy.

Specifically, the state court complaint alleges, *inter alia*, that:

(1) Defendant Connors & Sons Classy Construction, LLC constructed Plaintiffs' home and arranged for the installation of the SPF into Plaintiffs' home in Sandoval County, New Mexico. (Doc. 1-2 at ¶ 12). Defendant Connors served as the General Contractor when Plaintiffs Blaine and Amanda Wiles began constructing their custom home on or around August 8, 2013. (*Id.* at ¶ 16).

(2) Miller's Insulation & Fireproofing, Inc. installed Icynene LD-C-50 SPF, a spray polyurethane foam, to the Wiles' roof sheathing and other areas of the home in or around November 2013. (*Id.* at ¶¶ 10, 17). After the Wiles family moved in around May 2014,

7

(2) they noticed "noxious and harmful fumes, gases, and odors filling their home," which were ultimately attributed to the Icynene SPF product. (*Id.* at ¶ 20).

(3) The Wiles performed air quality tests on the house, which showed that there was a very high level of Volatile Organic Compounds (VOCs), and that SPF "was off-gassing harmful chemicals." (*Id.* at ¶¶ 24-25).

Simply stated, the Wiles' state court complaint alleges that they suffered bodily injuries within their residence in connection with operations performed by Connors & Sons' subcontractors caused by the release of noxious fumes, gases, and odors from materials brought into the building by the subcontractors, which creates a question of IICH's duty to defend under its insurance policy with Connors & Sons that can be answered by reviewing and interpreting the policy. The Court need only analyze the insurance policy, and need not make any underlying factual determinations that would conflict with the state court action.

While the ultimate question of whether the insurance policy provides coverage for the type of incident alleged in the state court complaint remains unclear, in part due to the omission of the relevant pages from the insurance policy attached to IICH's instant complaint, the preliminary question of whether the Court can properly exercise its discretionary jurisdiction under 28 U.S.C. § 2201 over this case is answered in the affirmative; because the allegations in the state court complaint fall within the ambit of the question of coverage under the IICH insurance policy such that a declaration of IICH's rights and duties by this Court is proper.

Additionally, as Plaintiff notes in its response, the Tenth Circuit has expressly recognized that declaratory judgment actions are useful in cases wherein insurers seek to declare their rights, and a primary function of the Federal Declaratory Judgment Act is to provide insurers such a forum. *Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir. 1978) (citing

*Western Cas. and Surety Co. v. Teel*, 391 F.2d 764 (10th Cir. 1968). While Defendants are correct that district courts "should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding," no such facts at issue here are likely to be determined in the pending state court case. *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1170 (10th Cir. 1995) (quoting *Kunkel v. Continental Casualty Co.,* 866 F.2d 1269, 1276 (10th Cir.1989)). In *Runyon*, the pending parallel state court case was a bad faith claim against the insurance company that brought the declaratory judgment action. *Id.* at 1168. Critically, here, as in *Mhoon*, the insurer IICH is not a party or otherwise involved in the pending parallel state court case, and therefore it is appropriate for IICH to hail its claim in federal court as its forum. *Jones*, 570 F.2d at 1386; *Mhoon*, 31 F.3d at 984 ("Neither party before us has suggested that [the insurer] was, or could have been made, a party to the state tort action, thus obviating any need for an independent declaratory action and providing a simpler and more efficient resolution of [the insurer's] obligations toward Mhoon….The federal district court was an available forum to [the insurer], and on the facts before us we see no reason why the declaratory judgment action should not have proceeded as it did.").

In sum, the Court's discretionary subject matter jurisdiction over Plaintiff's declaratory judgment action is proper, because Plaintiff seeks to have its rights and obligations to defend its insured under the insurance policy declared in relation to the incident involving its insured that is the subject of the pending state court complaint, and such a claim falls squarely under the discretionary jurisdiction under 28 U.S.C. § 2201. In addition, the fact that IICH has not been added as a party to the state court action is a further factor in determining that the Court's discretionary jurisdiction is proper.

## CONCLUSION

For the foregoing reasons, the undersigned finds that discretionary subject matter is proper under 28 U.S.C. § 2201 to hear Plaintiff's claims, and therefore recommends that Defendant Connors& Sons' Motion to Dismiss, or in the Alternative, to Stay Proceedings (Doc. 9) be DENIED.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**